IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:20-CR-274 |
| v. | ) | |
| | ) | Hon. Anthony J. Trenga |
| AMANDA GEATHERS | ) | |
| | ) | Hearing Date: May 20, 2021 |
| | ) | |
| Defendant. | ) | |

## POSITION OF THE UNITED STATES
## WITH RESPECT TO SENTENCING

The United States of America, by and through its undersigned counsel, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("Guidelines"), files this Position of the United States With Respect to Sentencing in the instant case. The defendant, Amanda GEATHERS ("the defendant"), pleaded guilty to conspiracy to a controlled substance, to wit a mixture and substance containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. *See* ECF No. 15. The Presentence Investigation Report ("PSR") properly calculates the defendant's advisory Guidelines range as 18 to 24 months of incarceration. ECF No. 15 at ¶ 81. The United States respectfully submits that a sentence of 9 to 12 months imprisonment, along with a three-year term of supervised release is appropriate under the facts of this case after careful consideration of each of the factors set forth in 18 U.S.C. § 3553(a).

## I.     Factual and Procedural Background

In or about September 2019, law enforcement began investigating a drug trafficking organization operating in Loudoun County, Virginia and Washington, D.C., following the overdose deaths of Loudoun County residents, Sean Kume and John "Jack" Avakian, on or about September 28, 2019 and September 30, 2019, respectively.  *Id. a*t ¶ 14-15, 18.  Subsequent law enforcement investigation revealed that both individuals died as a result of ingesting a lethal level of fentanyl, which they had purchased from the defendant on the nights of their deaths.

Between approximately mid-2019 to December 2019, the defendant was a member of a criminal conspiracy that distributed fentanyl within the Washington, D.C., Metropolitan Area, including in the Eastern District of Virginia.  *Id.* at ¶ 24-28.  The defendant assisted co-conspirators, including Felton Earl Harris ("Harris"), 1:20-cr-140, and Sherard Khalid Clark ("Clark"), 1:20-cr-160, to obtain and distribute this deadly drug to their customers.  *Id.*  The defendant would travel to Washington, D.C., to purchase fentanyl from Harris, and occasionally Clark, in order to fuel her own drug habit, as well as to bring drugs back for further distribution in the Eastern District of Virginia. *Id.* at ¶ 28-29.

On or about December 15, 2020, the defendant appeared before this Court and pleaded guilty to a single-count Criminal Information charging her with Conspiracy to Distribute a Mixture and Substance Containing a Detectable Amount of Fentanyl, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## II.      LEGAL STANDARD

The standards governing sentencing before this Court are well established.  This Court must consult the Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when making a sentencing decision, though the Guidelines are purely advisory. *See United States v. Booker*, 543 U.S. 220 (2005). The Supreme Court has directed district courts to "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007).  "Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).  Section 3553(a) sets out a variety of factors that the Court should consider in determining the defendant's sentence. Ultimately, the sentence imposed must meet a standard of reasonableness.  *See Booker*, 543 U.S. at 260-61.

## III.      DISCUSSION AND RECOMMENDATION

### A.      Sentencing Guidelines Calculation

The United States agrees that the applicable Guidelines range is 18 to 24 months.  The base offense level is 18 because the defendant was involved in the distribution of at least 16 grams, but less than 24 grams, of fentanyl mixture. *See* Guidelines § 2D1.1(a)(5)(c)(11).  There are no specific offense characteristics applicable to the defendant's offense. *See* Guidelines § 2D1.1(b).  The defendant appears to qualify for a two-point reduction for acceptance of responsibility, and, further, the United States agrees that the defendant has assisted authorities in the prosecution of her own misconduct by timely notifying the United States of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and

the Court to allocate their resources efficiently,[1] thus permitting an additional one-level decrease, and a resulting total offense level of 15. *See* Guidelines § 3E1.1(a), (b).

The defendant's criminal history score is 1 (based on a previous conviction for obtaining prescription drugs through fraud), which places her in criminal history Category I.

Based on the defendant's adjusted offense level of 15 and criminal history of Category I, the advisory Guidelines range is 18 to 24 months.

The United States does not believe the defendant is eligible for a mitigating role reduction pursuant to Guidelines § 3B1.2, as argued by the defendant. The Fourth Circuit has interpreted Guidelines § 3B1.2 as being "proper only for a defendant who is *substantially* less culpable than the average participant." *United States v. Campbell*, 935 F.2d 39, 46 (4th Cir. 1991) (finding role reduction not required where PSR stated defendant only "less culpable" than other defendants) (internal quotations omitted, emphasis in original). Further, commentary to Guidelines § 3B1.2 provides factors for consideration in determining when to assign a minor or minimal role, and "indicates that the section applies to the least culpable members of a group of persons engaged in concerted criminal activity, such as a person without knowledge of the scope of an enterprise or an offloader or courier of a single shipment of drugs in an otherwise large smuggling operation." United States v. Glasco, 917 F.2d 797, 800 (4th Cir. 1990) (finding that, "as the actual seller of drugs, and even if he was a mere go-between," defendant not entitled to role reduction; Guidelines § 3B1.2, commentary § 3 (providing factors to consider in determining applicability of an adjustment).

As an initial matter, the defendant received a lower offense level by virtue of being convicted of an offense significantly less serious than she could have been in light of the facts and

---

1 This one-level decrease has already been taken into account by the U.S. Probation Office in its Guidelines calculation, as reflected in paragraph 46 of the PSR.

circumstances of his case. *See* Guidelines § 3B1.2, note 3(B) (conviction of significantly less serious offense weighs against role reduction); ECF No. 60 at ¶¶ 32-33. She and one of her co-conspirators, Mr. Harris, admitted that the fentanyl distributed during the course of the conspiracy in which the defendant participated resulted in the deaths of two young men. *See* 1:20-cr-140, ECF No. 54. The mandatory minimum sentence that the defendant would have faced if charged with these deaths, which were reasonably foreseeable in connection with the criminal activity in which she participated with Mr. Harris, was 20 years imprisonment.

Additionally, a review of the totality of the circumstances indicates that the defendant was not substantially less culpable than other participants in the conspiracy.  The evidence shows: 1) the defendant obtained drugs from Mr. Harris and another co-conspirator, and served as a source of supply for individuals in the Eastern District of Virginia; 2) the defendant exercised decision-making authority in re-distributing the drugs to her customers; and 3) the defendant performed these actions on multiple occasions.  The United States recognizes, however, that the defendant largely acted to support her own severe drug addiction, did not have knowledge about the larger source of supply or operations of the conspiracy, and did not stand to gain much financially from the criminal activity. As such, although the United States maintains its position, if such a reduction is afforded by the Court, the United States would request that it be provided under 3B§1.2(b) (minor participant).

### B.     Statutory Analysis

The pertinent factors this Court should consider in this case are: the nature and circumstances of the offense, and history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and the need to afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(1), (2)(A)-(C).  Based

upon the applicable factors, the United States recommends a Guidelines sentence of 9 to 12 months of imprisonment along with a three-year term of supervised release. Such a sentence is sufficient but not greater than necessary to accomplish the purposes of Section 3553(a).

First, in consideration of the nature and circumstances of the instant offense, and history and characteristics of the defendant, the offense conduct here was serious and with tragic consequences; however, it appears it was significantly tied to the defendant's own severe substance abuse issues. *See* 18 U.S.C. §3553(a)(1). The defendant worked with Harris and others over an extended period of time to sell a product containing fentanyl – a synthetic opioid more than 100 times more powerful than morphine and 50 times more powerful than heroine, and which contributes to overdoses and deaths of thousands of Americans each year – to customers in this community.[2] Indeed, as a result of the defendant's criminal actions, the lives of two Loudoun County residents were cut short by ingesting the fentanyl she had sold to them. In mitigation, the evidence in this case clearly shows that the defendant was in the throes of her own battle with opioids and was distributing the drugs to fund her addiction. Further, it appears that the defendant has expressed remorse for her actions, has a strong support system in her family, and, but for the one potential pre-trial issue noted in the PSR, has been taking her recovery from addiction seriously. Therefore, although the nature and characteristics of the offense are serious and tragic, the character and conduct of the defendant favors a period of incarceration in line with the United States' recommendation.

Second, the United States submits that the recommended sentence will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. *See* 18 U.S.C. §3553(a)(2)(A). As discussed above, the defendant contributed to a terrible

---

2 *See* Centers for Disease Control and Prevention website, *available at* www.cdc.gov/drugoverdose/data/fentanyl.html (last visited April 21, 2021).

ill in society – she distributed a product that notoriously causes serious user dependency, wreaks havoc on families and communities, and results in serious harm and sometimes death to its users. That harm was not just theoretical here; it is still felt today by the families of the overdose victims. Thus, a significant punishment is necessary to reflect the seriousness of this crime and promote respect for the law.  In mitigation, the defendant quickly took responsibility for her actions and cooperated and entered a plea agreement with the United States.  Thus, the recommended period of incarceration would be appropriate to provide just punishment for this offense.

Third, the United States submits that the recommended sentence is necessary to deter the defendant's criminal conduct, and protect the public from future crimes of the defendant. *See* 18 U.S.C. §3553(a)(2)(B)-(C).  Such a period of incarceration, coupled with a term of supervised release, is believed necessary as both specific and general deterrence.  First, the defendant's sustained battle with substance abuse issues, to include a previous criminal conviction for prescription fraud and another interaction with law enforcement in 2020, strongly suggests there is a particular need here to deter her from engaging in future conduct – even if it stems from a health issue – that threatens the community.  *See* 18 U.S.C. §3553(a)(2)(B).  By imposing a sentence that will effectively deter the defendant, the Court will also achieve its objective of protecting the public from further crimes committed by the defendant.  *See id.* at §3553(a)(2)(C). Finally, a significant sentence is recommended as general deterrence as well; the message must be clear that an individual will be held accountable for, and that the consequences will be serious when, he or she distributes deadly drugs in our communities.

**CONCLUSION**

For the reasons stated above, the United States respectfully recommends that a sentence of 9 to 12 months of imprisonment, along with a three-year term of supervised release, is appropriate in this case.

Respectfully submitted,

Raj Parikh
Acting United States Attorney

Date:   May 13, 2021

By:   _____/s/_____
Sara A. Hallmark
Special Assistant United States Attorney
Michael P. Ben'Ary
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3814
Sara.Hallmark@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2021, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

_____/s/_____
Sara A. Hallmark
Special Assistant United States Attorney
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3947
Sara.Hallmark@usdoj.gov

9